IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| GREENBERRY'S FRANCHISING CORP., *Plaintiff,* v. ALICE Y. PARK ET AL., *Defendants.* | CASE NO. 3:10-cv-00045 <u>MEMORANDUM OPINION</u> JUDGE NORMAN K. MOON |

This matter is before the Court upon Motion of Defendants Alice Y. Park, Brian T. Park, and GNT Enterprise, Inc. to Change Venue (docket no. 19), Motion of Defendants Anthony D. Han and Han Holding, Inc. to Adopt and Conform (docket no. 22), and Motion of Defendant Han Holding, Inc. to Dismiss All Claims Against Han Holding, Inc. for Failure to State a Claim upon Which Relief May Be Granted (docket no. 24). The motions have been fully briefed and heard. After considering the parties' arguments, I will grant the motion to change venue and the motion to adopt and conform. Because the matter will be transferred to the United States District Court for the Eastern District of Virginia, Alexandria Division, I will not decide the motion to dismiss.

## I. BACKGROUND

Plaintiff Greenberry's Franchising Corporation ("Greenberry's") brought this action against Defendants Alice Y. Park, Brian T. Park, GNT Enterprises, Inc. ("GNT"), Anthony D. Han, and Han Holding, Inc. ("Han Holding") (collectively, "Defendants") for trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* and various Virginia

state law and common law claims. Greenberry's seeks injunctive and equitable relief, and compensatory, punitive, and statutory damages.

Greenberry's is a Delaware corporation with its principal place of business in Charlottesville, Virginia. (Compl. ¶ 3.) Alice Park and Brian Park are married and reside in Reston, Virginia. (Compl. ¶¶ 4-5.) GNT is a Virginia corporation with its principal place of business in Fairfax County, Virginia. (Compl. ¶ 6.) Han is allegedly a resident of Alexandria, Virginia and Han Holding is a Virginia corporation with its principal place of business allegedly located in Alexandria, Virginia. (Compl. ¶¶ 7-8.)

According to the complaint, Greenberry's owns a proprietary system relating to the establishment, development, and operation of a coffee shop and café, and enters into agreements with franchisees authorizing them to use its proprietary system to operate Greenberry's coffee shops. (Compl. ¶¶ 16-23.) The claims in this action relate to the operation of a Greenberry's coffee shop at Prosperity Center in Leesburg, Virginia (the "Leesburg Franchise"). (Compl. ¶ 26.) Greenberry's first entered into a franchise agreement to operate the Leesburg coffee shop with MHG Leesburg, LLC ("MHG"), which is not a party to this action, and then consented to transfer the Leesburg Franchise to Alice Park. (Compl. ¶¶ 26-28.) Pursuant to that transfer, Greenberry's, MHG, and Alice Park entered into a Transfer and Release Agreement ("Transfer Agreement") which transferred all right, title, and interest held by MHG in the franchise to Alice Park. (Ex. A to Compl.) The Transfer Agreement contained a forum selection clause which stated:

> All parties further waive rights to a jury trial and all defenses of personal jurisdiction and/or venue and agree that any litigation or other legal proceeding pertaining to or arising from the execution of this Agreement shall be brought in a court of competent jurisdiction within the City of Charlottesville or County of Albemarle, Virginia.

Greenberry's and Alice Park also executed a new Franchise Agreement, which set forth the terms of the franchise relationship and authorized Alice Park to use Greenberry's proprietary franchise system. (Ex. B to Compl.) The Franchise Agreement did not contain a clause designating a forum for litigation arising from that agreement. Brian Park, the spouse of Alice Park, allegedly helped operate and manage the Leesburg Franchise, and GNT was assigned the property lease from MHG for the Leesburg Franchise site. (Compl. ¶¶ 32, 36.)

Greenberry's filed suit in this Court on August 12, 2010. Greenberry's alleges that, without authorization from Greenberry's, Alice Park transferred the Leesburg Franchise to Han and/or Han Holdings, and Han and/or Han Holdings had access to and used the Greenberry's proprietary system. (Compl. ¶¶ 37-44.) The complaint states the following ten counts, all of which arise out of the sequence of events described above: breach of contract (count one), tortious interference with contract (count two), tortious interference with business relations and business expectancy (count three), statutory and common law civil conspiracy (count four), conversion (count five), violation of the Virginia Uniform Trade Secrets Act (count six), computer fraud and computer trespass in violation of the Virginia Computer Crimes Act (count seven), trademark infringement (count eight), false designation of origin (count nine), and common law trademark infringement and unfair competition (count ten). In its breach of contract claim against Alice Park, Greenberry's alleges breach of the Franchise Agreement (Compl. ¶¶ 49-50) and of the Transfer Agreement (Compl. ¶ 51).

Defendants moved to transfer the venue of this litigation to the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C. § 1391(b) or 28 U.S.C. § 1404. In addition, Han Holding moved to dismiss the complaint against it pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. APPLICABLE LAW

### A. Venue

Venue in a civil action wherein jurisdiction is not founded solely on diversity of citizenship is governed by 28 U.S.C. § 1391(b), which provides in pertinent part that venue is proper only "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." To determine whether events or omissions are sufficiently substantial to support venue, a court "should review the entire sequence of events underlying the claim." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004) (quotations omitted). Venue may be proper in more than one judicial district. *Id.* In general, there must be proper venue for each separate claim in a complaint. *Hsin Ten Enter. USA, Inc. v. Clark Enters.*, 138 F. Supp. 2d 449, 462 (S.D.N.Y. 2000). When venue is challenged, the plaintiff has the burden to prove that venue is proper in the chosen forum for each defendant. *See United Coal Co. v. Land Use Corp.*, 575 F. Supp. 1148, 1158 (W.D. Va. 1983). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Even where venue is proper, "a district court may transfer any civil action to any other district or division where it might have been brought" if such transfer is for the convenience of the parties and witnesses and in the interests of justice. 28 U.S.C. § 1404(a). This subsection gives a district court wide discretion in deciding whether to change a proceeding's venue. *See In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984); *Weber v. Coney*, 642 F.2d 91, 93 (5th Cir. 1981). Its purpose is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen*

*v. Barrack*, 376 U.S. 612, 616 (1964) (quotations omitted). "The plaintiff's choice of forum should rarely be disturbed unless the balance is strongly in favor of the defendant." *Alpharma, Inc. v. Purdue Pharma L.P.*, 634 F. Supp. 2d 626, 632-33 (W.D. Va. 2009). The burden is upon the movant "to disturb the plaintiff's choice of forum by showing that the balance of equities is in [its] favor [and] that judicial economy and convenience to all parties favor suit in another forum." *Glamorgan Coal Corp. v. Ratners Group PLC*, 854 F. Supp. 436, 437-38 (W.D. Va. 1993) (second alteration in original).

A forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *accord Pee Dee Health Care, P.A. v. Sanford*, 509 F.3d 204, 213 (4th Cir. 2007). "A clause is unreasonable if (1) it was the result of 'fraud or overreaching'; (2) 'trial in the contractual forum [would] be so gravely difficult and inconvenient [for the complaining party] that he [would] for all practical purposes be deprived of his day in court'; or (3) 'enforcement would contravene a strong public policy of the forum in which suit is brought[.]'" *Pee Dee Health Care*, 509 F.3d at 213-14 (quoting *M/S Bremen*, 407 U.S. at 15-18) (alterations in original).

### B. Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's

elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). In sum, Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. ----, ----, 129 S. Ct. 1937, 1950 (2009).

### III. DISCUSSION

With one exception, Greenberry's has not met its burden to show that the Western District of Virginia is the proper venue to bring these claims. At the center of this controversy is the Leesburg Franchise, a coffee shop which is located in the Eastern District of Virginia. Each of the claims in the complaint pertain to the allegedly wrongful transfer of the Leesburg Franchise within the Eastern District and the access to and use of the proprietary system and marks in the Eastern District.[1] As Defendants correctly state, the following allegations of wrongful conduct occurred, if at all, in the Eastern District of Virginia: the conduct allegedly breaching the contracts, the allegedly tortious interference with contract and business relations and expectancy, the alleged conspiracy, the alleged conversion of assets, the alleged computer fraud or trespass, and the alleged infringement on the trademarks. (*See* Defs.' Mot. Change Venue 3-4.)

Greenberry's maintains that Alice Park committed numerous contract breaches within the Western District of Virginia (Pl.'s Opp'n 4-5), but each of those alleged breaches relates to the

---
[1]

manner in which Alice Park operated the Leesburg Franchise in the Eastern District of Virginia, and only have a tangential nexus to Greenberry's place of business in the Western District. Greenberry's also proffers that the Franchise Agreement and the Transfer Agreement were "negotiated and executed at least in part in the Western District" (*id.* 3), but the phrase "at least in part," without more clarity, can denote an inconsequential part of the contract negotiation and execution. Greenberry's certainly does not meet the burden of alleging that a *substantial* part of the events giving rise to the breach of contract claim occurred in the Western District. Finally, the fact that the proprietary system, confidential information, and trademarks that were allegedly misappropriated in the Eastern District were "created and developed" in the Western District at some point in the past for general use in franchising the Greenberry's system, without more, is too remote of an event to render venue proper. This is not a case where the proprietary system and materials were developed specifically for use by Defendants in this particular contractual relationship.

Although venue is not proper in the Western District of Virginia for counts two through ten, count one states a cause of action for breach of contract of the Franchise Agreement and the Transfer Agreement. The Transfer Agreement contains a forum selection clause that designates "a court of competent jurisdiction within the City of Charlottesville or County of Albemarle, Virginia" as the exclusive forum for litigation arising from the Transfer Agreement. The Western District of Virginia, Charlottesville Division is such a court, but the Eastern District of Virginia is not. Only Alice Park is a party to the Transfer Agreement and a defendant to the breach of contract count. Alice Park does not appear to dispute that the forum selection clause is valid, and has not made any argument that it is unreasonable under the circumstances. Thus, the

forum selection clause renders venue in the Western District proper to bring the claim of breach of the Transfer Agreement against Alice Park.

Based on the substantial events giving rise to this action that occurred at the Leesburg Franchise in the Eastern District of Virginia, and finding it in the interests of justice, I will transfer counts two through ten and the portion of count one alleging breach of the Franchise Agreement to the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C. § 1406(a). The breach of the Transfer Agreement claim, for which venue is proper in this Court due to the forum selection clause, comprises only one paragraph of one count of the ten-count complaint and pertains to only one defendant of the five defendants joined in this action. Severing the claim that Alice Park breached the Transfer Agreement from the remainder of the claims would raise problems of subject matter jurisdiction for this Court. In addition, because the breach of the Transfer Agreement claim concerns the same series of events and factual determinations as those in the breach of the Franchise Agreement claim, trying the breach of the Transfer Agreement claim in this Court would entail duplication of judicial and party resources. In *Carolina Archery Products, Inc. v. Alpine Archery Inc.*, after transferring the federal claim for improper venue pursuant to 28 U.S.C. § 1406, the court transferred the remaining state law claims pursuant to 28 U.S.C. § 1404 to avoid the "unnecessary burden and expense" on the court and parties that would arise from holding two proceedings in different courts. No. 1:03-cv-00176, 2004 U.S. Dist. LEXIS 11069, at *31-33 (M.D.N.C. June 15, 2004). I find that considerations of convenience, efficiency, and justice favor hearing the breach of the Transfer

Agreement claim with the other claims in the Eastern District, and will transfer it to the Eastern District pursuant to 28 U.S.C. § 1404(a).[2]

Having transferred the entire case to the Eastern District of Virginia, I will not rule on the motion to dismiss.

### IV. CONCLUSION

For the reasons stated herein, I will grant the Motion to Change Venue (docket no. 19) and the Motion to Adopt and Conform (docket no. 22). This entire action will be transferred to the Eastern District of Virginia, Alexandria Division. I will not rule on the Motion to Dismiss (docket no. 24). An appropriate order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this __10th__ day of December, 2010.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] Even when faced with a valid forum selection clause, a court adjudicating a motion to change venue under 28 U.S.C. § 1404(a) must consider other factors, such as the convenience of the parties and their witnesses, systemic integrity, and fairness, and must render a decision that strikes a balance among these considerations. *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257-58 (4th Cir. 1991) (applying *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988)). The court must not give the forum selection clause "dispositive consideration." *Id.* at 1258.